UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BENYEHUDAH WHITFIELD,          )
                               )
  Plaintiff,                   )
                               )
v.                             )          13-CV-3192
                               )
ERIC ALTHOFF, et al.,          )
                               )
  Defendants.                  )

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff, proceeding pro se, seeks leave to proceed in forma pauperis on claims arising from three allegedly false disciplinary tickets he received during his incarceration in the Illinois Department of Corrections (IDOC).  Plaintiff was released from the IDOC on or around July 7, 2011.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusions and labels are insufficient.  Enough underlying facts must be offered to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

## I.  Plaintiff states federal procedural due process and retaliation claims against the Adjustment Committee Members who presided over Plaintiff's disciplinary hearings.  Plaintiff states no federal equal protection claim.

Plaintiff pursues claims under 42 U.S.C. § 1983 for alleged procedural due process violations arising from three prison disciplinary reports he received while incarcerated.  The reports at issue are dated January 13, 2002, September 18, 2003, and July

14, 2007.  Plaintiff lost good conduct credits as part of his punishment for all these reports.

Plaintiff alleges that the disciplinary findings were not supported by the evidence or adequately explained.  Plaintiff also alleges that he was not permitted to present exonerating evidence. *See* Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(setting forth procedural due process requirements in prison disciplinary hearing).  Plaintiff alleges that the Adjustment Committee Members presiding at the disciplinary hearings falsely wrote down that Plaintiff had not requested any witnesses when in fact Plaintiff had requested witnesses.

Plaintiff was entitled to a meaningful opportunity to oppose the disciplinary charges, including the opportunity to present exonerating evidence if consistent with security concerns.  Wolff, 418 U.S. at 564-565.  To succeed, Plaintiff will need to show that the exonerating evidence would have made a difference in the outcome, but more facts are needed to make that determination. Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in prison

disciplinary hearings).  Plaintiff therefore states procedural due process claims against the Adjustment Committee Members.

At this point, Plaintiff may also proceed on his claim that the Adjustment Committee members were motivated by retaliation for Plaintiff's exercise of his First Amendment rights, though Plaintiff's allegations are largely conclusory.

Plaintiff also alleges that his equal protection rights were violated because he was subjected to arbitrary discipline that other similarly situated inmates were not.  This allegation is too vague and conclusory to state an equal protection claim.  No plausible inference arises that other inmates accused of the same infractions with the same disciplinary record as Plaintiff received lighter punishments.  What Plaintiff appears to be saying is that he was treated arbitrarily because of his grievances and other protected First Amendment activity.  That is a retaliation claim, which is already proceeding.

Of the twenty-one Defendants named, only seven bear plausible personally responsibility on the due process and retaliation claims, at least on the present allegations.  <u>Kuhn v. Goodlaw</u>, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is

premised on the wrongdoer's personal responsibility").  These seven are the Adjustment Committee Members who presided over Plaintiff's disciplinary hearings, for they are the ones who committed the alleged procedural due process violations.  These Defendants are:  Julia Vincent and Jon Wilson (Adjustment Committee Members hearing 1/13/02 disciplinary ticket); Benny Dallas, Erika Howard, and Michael Williams (Adjustment Committee Members hearing 9/18/03 disciplinary ticket); Cynthia Jordan and Carol McBride (Adjustment Committee Members hearing 7/14/07 disciplinary ticket).

Plaintiff names as Defendants members of the Prisoner Review Board, alleging that they were complicit in the Adjustment Committee Members' transgressions.[1]  However, the Board cannot increase the loss of good time above that recommended by the Adjustment Committee.  730 ILCS 5/3-6-3(c); 20 Ill.Admin. Code 107.150(c); 20 Ill.Admin.Code 1610.170(a).  Thus, no constitutional liberty interest is implicated by the Prison Review Board's approval of Plaintiff's loss of good time.  <u>Lucas v. Montgomery</u>, 583 F.3d 1028 (7th Cir. 2009)("Since the PRB does not find facts, but rather only

---

[1] Defendants Althoff, Blackman-Donnovan, Findley, Harris, Maxwell, Montes, Nicholson, are alleged to be members of the Prisoner Review Board.

approves, reduces or abrogates penalties based on the prison adjustment committee's findings, <u>Wolff</u> is not implicated.").

Plaintiff alleges that the Board members turned a "blind eye" to the Adjustment Committee Members' misconduct.  True, individuals can be liable under § 1983 if they turn a blind eye to or condone unconstitutional behavior.  <u>Matthews v. City of East St. Louis</u>, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).  However, ruling against Plaintiff in an administrative appeal does not amount to approving of or turning a blind eye to constitutional violations which allegedly occurred in the disciplinary hearing.  <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); <u>Soderbeck v. Burnett County</u>, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of

an inferior officer would automatically be attributed up the line to his highest superior . . . .").

For the same reason, no claim is stated against the Wardens (Jackson, Johnson, and Motes), whose only involvement was to uphold the Adjustment Committee Members' recommendation, or the acting IDOC Director (Gladyse Taylor), who played no role at all. Respondeat superior liability does not exist for constitutional violations.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001).

Plaintiff also names as Defendants the State of Illinois, the Illinois Department of Corrections, and the Prisoner Review Board. But these Defendants cannot be sued because the Eleventh Amendment protects the State of Illinois, and § 1983 authorizes suits against only "persons," which do not include states and state agencies.  Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012).

## II.  Plaintiff's state claims cannot proceed in this action.

The Court cannot discern any state law claim which may proceed in this action.  Plaintiff alleges violations of various state laws, directives, and codes.  Whether a state law private right of action for damages exists for the state statutes cited by Plaintiff is

doubtful.  Ambrose v. Godinez, 2013 WL 647292 (7ᵗʰ Cir. 2013)(unpublished, non-precedential)("We cannot find any authority suggesting that the Illinois courts would infer a damages remedy from statutes regulating the Department of Corrections."). Even if Plaintiff might have a cause of action under state law, "[t]he Constitution does not require states to ensure that their laws are implemented correctly."  Simmons v. Gillespie, 712 F.3d 1041, 1044 (7th Cir. 2013).  The violation of a state law does not, by itself, violate federal law, and the Court would not take supplemental jurisdiction of such a claim, even if it could.  Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."); 28 U.S.C. § 1367(c)(1).  Finally, and in any event, the alleged misconduct arose from Defendants' performance of their State jobs.  State law claims against them, if any exist, would belong in the Illinois Court of Claims.  Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction.").

### III.  Whether Plaintiff's federal claims are still barred by <u>Heck v. Humphrey</u> may be an issue to be addressed after Defendants have appeared.

At first glance Plaintiff's claims may appear to be barred by the statute of limitations, given that the discipline occurred more than two years before Plaintiff filed this case.  <u>Woods v. Illinois Dept. of Children and Family Serv.</u>, 710 F.3d 762, 768 (7th Cir. 2013)("To sum up, we reiterate our holding that the limitations period applicable to all § 1983 claims brought in Illinois is two years, . . . .").

Not necessarily so.  Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (7th Cir. 1994) and progeny, § 1983 claims which imply that good time credits should be restored generally do not accrue until the loss of that good time has been invalidated through other legal routes such as habeas corpus.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).  Plaintiff's earlier attempts to pursue some of these same procedural due process claims were dismissed as barred by <u>Heck</u>.  *See* <u>Whitfield v. Walker, et al.</u>, 04-CV-3136 (C.D. Ill.)(12/2/04 Order:  If Plaintiff "lost good time credits as a result of those disciplinary reports, he cannot challenge them if doing so would imply the invalidity of the loss of good time.")  Plaintiff's

claims therefore do not appear to be barred by the statute of limitations.

However, a novel question may arise in this case regarding the interplay of habeas corpus and § 1983.  If Plaintiff did not timely pursue state remedies for recovering his good time, can Plaintiff nevertheless proceed in this Section 1983 action now that he is released?  When Plaintiff was released from prison in July 2011, Plaintiff was pursuing a federal habeas claim before this Court. However, Plaintiff's release from prison mooted Plaintiff's habeas claim, and the habeas action was dismissed, leaving Plaintiff's only remedy a § 1983 action.  Whitfield v. Jackson, 11-CV-3061 (C.D. Ill.).

A prisoner who "ignore[s] his opportunity to seek collateral relief while incarcerated to skirt the Heck bar simply by waiting to bring a § 1983 claim until habeas is no longer available undermines Heck . . . ."  Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012)("We therefore join the Sixth and Ninth Circuits in holding that Heck bars a § 1983 action where:  (1) favorable judgment would necessarily call into question the validity of the underlying conviction or sentence and (2) the plaintiff could have pursued

collateral relief but failed to do so in a timely manner.").  Here, Plaintiff did try to obtain relief in state court and federal court while he was in prison, but whether he did so timely is unclear, and whether that matters under <u>Burd</u> is also unclear.  These issues may need exploring after Defendants have appeared through counsel.

**IT IS THEREFORE ORDERED:**

1.  Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims:  1) the Adjustment Committee Members violated Plaintiff's procedural due process rights in the disciplinary hearings held on January 13, 2002, September 18, 2003, and July 14, 2007; and, 2) the Adjustment Committee Members acted in retaliation for Plaintiff's exercise of his First Amendment rights.  These claims proceed against the following Defendants:  Julia Vincent, Jon Wilson, Benny Dallas, Erika Howard, Michael Williams, Cynthia Jordan, and Carol McBride.

2.  This case proceeds solely on the claims identified in paragraph (1) and against the Defendants identified in paragraph (1).  All other claims are dismissed for the reasons stated above. Any additional claims shall not be included in the case, except at

the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.  Defendants Althoff, Blackman-Donnovan, Findley, Harris, Jackson, Johnson, Maxwell, Montes, Motes, Nicholson, Taylor, the Illinois Department of Corrections, the Illinois Prisoner Review Board, and the State of Illinois are dismissed.

4.  This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time.

5.  The Clerk will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for

Defendants, the Court will enter a scheduling order setting

deadlines for discovery and dispositive motions.

    6.  With respect to a Defendant who no longer works at the

address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be

maintained in the public docket nor disclosed by the Clerk.

    7.  Defendants shall file an Answer within 60 days of the day

the waiver of service is sent by the Clerk.  A motion to dismiss is

not an answer.  The Answer should include all defenses appropriate

under the Federal Rules.  The answer and subsequent pleadings

shall be to the issues and claims stated in this Opinion.

    8.  Once counsel has appeared for a Defendant, Plaintiff need

not send copies of his filings to that Defendant or to that

Defendant's counsel.  Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to Defense

counsel.  The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.  If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

**IT IS FURTHER ORDERED:  (1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2); (2) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures and to set a 60-day internal deadline to check on service; (3)  Defendants Althoff, Blackman-Donnovan, Findley, Harris, Jackson, Johnson, Maxwell, Montes, Motes, Nicholson, Taylor, the Illinois Department of Corrections, the Illinois Prisoner Review Board, and the State of Illinois are terminated.**

ENTERED: November 15, 2013
FOR THE COURT:

                                s/Richard Mills
                           RICHARD MILLS
                    UNITED STATES DISTRICT JUDGE