E-FILED
Wednesday, 07 January, 2015 09:33:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BENYEHUDAH WHITFIELD, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3192 |
| ERIC ALTHOFF, et al., | ) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Whitfield wants compensation for three allegedly false disciplinary tickets he received while in custody in the Illinois Department of Corrections. The tickets were dated 2002, 2003 and 2007. Plaintiff was released from prison in July, 2011. He filed this suit two years later, under 42 U.S.C. § 1983. He cannot

succeed. *Heck v. Humphrey*, 512 U.S. 477 (1994) trumps his claims.[1]

## ANALYSIS

The facts material to this Court's decision are not disputed. Plaintiff contends that he lost a total of 16 months[2] of good conduct credit as a result of three allegedly false disciplinary tickets, purportedly issued in retaliation for his protected First Amendment activities. He also alleges various procedural infirmities in the disciplinary hearings, including the refusal to allow him to garner and present exonerating evidence and witnesses, and the lack of evidence to support the charges. The disciplinary tickets at issue are dated January 13, 2002, September 18, 2003, and July 14, 2007, respectively.

---

[1] Defendants Dallas, Howard, Jordan, and McBride filed a motion for leave to file a motion to dismiss on March 7, 2014, which the Court converted to a motion for summary judgment. Defendants Williams, Vincent, and Wilson filed their own motions for summary judgment after they were served. Plaintiff objects to a ruling on the motions for summary judgment on the grounds that Defendants have not filed an Answer. However, the Court allowed Defendants to file the motion to dismiss, implicitly acknowledging that an Answer on the merits of Plaintiff's factual allegations would not be due until after a ruling on the issues raised in the motion. A motion to dismiss based on *Heck* may be properly brought under Fed. R. Civ. P. 12(b)(6) before an Answer is filed. *See Liska v. Dart*, --- F.Supp.2d ---, 2014 WL 3704635 (N.D. Ill)(Defendants' waived *Heck* argument when they failed to raise the argument in their motion to dismiss). The Court converted the motion to one for summary judgment because the motion to dismiss arguably relied on facts outside the pleadings, even though those facts are subject to judicial notice.

[2] Plaintiff's affidavit states in one paragraph that he lost 13 months (d/e 38, p. 18, para. 5), but the more consistently used number is 16.

During Plaintiff's incarceration, he tried to pursue § 1983 claims on some of the disciplinary reports at issue here, but the claims were dismissed as procedurally improper challenges to the loss of good time. *See Whitfield v. Walker, et al.*, 04-CV-3136 (C.D. Ill.)(12/2/04 order). Plaintiff also initiated a federal habeas action in this Court in February of 2011, challenging the disciplinary reports, but the habeas action was dismissed as moot when Plaintiff was released the following July. *Whitfield v. Jackson*, 11-CV-3061 (C.D. Ill.)(7/25/13 Order). With his federal habeas corpus action moot, Plaintiff now relies on 42 U.S.C. § 1983 to remedy the alleged constitutional violations.

The Court allowed Plaintiff's claims in this case to proceed but noted that the claims might be barred by the Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477 (7th Cir. 1994). (11/15/13 Order, pp. 9-11.) *Heck* and its progeny hold that an inmate cannot pursue a § 1983 action which in effect challenges the loss of good time credits unless and until those credits are restored through other means, such as a state court order or a federal habeas corpus action. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity" of the loss of good time are not

cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a federal writ of habeas corpus). "*Heck* prevents prisoners from making an end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through an action under 42 U.S.C. § 1983 or Bivens." *Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir. 2007)(*citing Wilkinson v. Dotson*, 544 U.S. 74 (2005)).

The federal habeas route is no longer available to Plaintiff because he is no longer in prison. However, that does not mean this case can proceed. In *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012), the Seventh Circuit held that *Heck* also applies to former prisoners if the former prisoner "could have pursued collateral relief [in prison] but failed to do so in a timely manner." *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012), *cert. denied* 133 S.Ct. 2808 (2013). *Burd* held that a prisoner who "ignore[s] his opportunity to seek collateral relief while incarcerated to skirt the *Heck* bar simply by waiting to bring a § 1983 claim until habeas is no longer available undermines *Heck* . . . ." Id. The plaintiff in *Burd* did not file a federal habeas action during his incarceration like Plaintiff

did, but that distinction makes no difference on these facts. Plaintiff cannot avoid the *Heck* bar by filing a doomed habeas action in federal court a few months before release from prison. That would allow him to accomplish what *Burd* proscribes: ignoring opportunities to pursue collateral relief while incarcerated.

The question is, did Plaintiff pursue the legal avenues available to him while he was incarcerated? If he did, then *Heck* does not bar this action. *Burd v. Sessler*, 702 F.3d at 435 ("[W]here a plaintiff cannot obtain collateral relief to satisfy *Heck's* favorable termination requirement, his action may proceed under § 1983 without running afoul of *Heck*.") On the other hand, if Plaintiff did not avail himself of those opportunities, then *Heck* does bar this action under the reasoning of *Burd*.

In Illinois, a prisoner can challenge the revocation of good time by filing a complaint for mandamus in the state circuit court. The Seventh Circuit recognized this in *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001):

> State prisoners challenging the deprivation of good-time credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court. . . . Like their Wisconsin neighbors, Illinois inmates seeking restoration of good-time credits

> lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court. See *Johnson v. McGinnis*, 734 F.2d 1193, 1198-99 (7th Cir.1984). If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court.

Generally, in Illinois a mandamus petition challenging prison disciplinary proceedings should be filed within six months after the internal administrative appeals are concluded. *Williams v. IDOC*, 2011 WL 10481473 (Ill. App., 4th Dist)(not reported in N.E.2d)(Plaintiff's 2009 state court challenges to 1998 and 2003 disciplinary proceedings were barred by laches); *Coleman v. Davis*, 2013 WL 1154512 (N.D. Ill. 2013)(not reported in Federal Reporter)("[U]nder the doctrine of laches, the filing of a mandamus complaint more than six months after the conclusion of prison disciplinary proceedings is generally improper.")(*citing Washington v. Walker*, 391 Ill.App.3d 459 (4th Dist. 2009). [3]

Plaintiff did not follow these steps for any of the three disciplinary tickets at issue. The steps that Plaintiff did take are set

---

[3] The one year federal habeas deadline in 28 U.S.C. § 2244(d)(1) does not apply to prison discipline challenges. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). However, the doctrine of laches would apply—an inmate could not unreasonably delay filing the federal habeas action, causing prejudice to the respondent. *Id.*

forth in the exhibits he filed in his federal habeas corpus case before this Court and are also a matter of public record appropriate for judicial notice. *Whitfield v. Jackson*, 11-CV-3061 (C.D. Ill.)(exhibits filed at docket entry 3-1, pp. 30-40; docket entry 7, pp. 13-30; docket entry 7-1, pp. 1-30; docket entry 7-2, pp. 1-24; docket entry 7-3, pp. 29-30; docket entry 7-4, pp. 1-15, 23-30; docket entry 7-5, pp. 1-14; docket entry 7-6, pp. 1-16; docket entry 7-7, pp. 1-30; docket entry 7-8, pp. 1-28);[4] *see also Whitfield v. IDOC*, 04-MR-34 (Livingston County)(Plaintiff's mandamus action challenging the September 18, 2003, disciplinary report); *Whitfield v. Gaetz*, 09-MR-80 (Randolph County)(Plaintiff's state habeas corpus action challenging all three disciplinary reports at issue in this case); *520 South Michigan Ave. Assoc., Ltd. v. Shannon*, 549 F.3d 1119 n. 14 (7th Cir. 2008)(court may take judicial notice of documents in public record).

These documents show that, in March of 2004, Plaintiff filed a complaint for mandamus in the Livingston County Circuit Court challenging the September 18, 2003 disciplinary report and another disciplinary report not at issue here. *Whitfield v. IDOC*, 04-MR-34.

---

[4] Some of these documents are duplicates.

Plaintiff appealed the dismissal of that complaint to the Illinois Appellate Court, which affirmed the dismissal. *Whitfield v. IDOC*, 4-04-0597 (Ill. App., 4th Dist.); 11-CV-3061, d/e 7-4, pp. 1-15. In his habeas action before this Court, Plaintiff did not dispute Respondent's contention that Plaintiff did not file a petition for leave to appeal to the Illinois Supreme Court, and there is no record of an appeal to the Illinois Supreme Court. (11-CV-3061, Resp. Answer, d/e 12, p. 5, para. 7.); *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999)(procedural default occurs in federal habeas action if no petition for discretionary review by highest state court is filed).

Plaintiff attempted another state court challenge in August of 2009, when he filed a complaint for habeas relief in Randolph County Circuit Court, regarding all three disciplinary reports at issue here. *Whitfield v. Gaetz*, 09-MR-80; 11-CV-3061, d/e 7, p. 14. The Randolph County Circuit Court dismissed Plaintiff's habeas action with prejudice and denied Plaintiff's motion to convert his complaint into a complaint for mandamus relief. Plaintiff appealed to the Illinois Appellate Court, but the appeal was dismissed because he did not have the money to provide the record on appeal. (11-3061, d/e 7-7, p. 15; d/e 12, para. 9.) Plaintiff filed a petition

for leave to appeal to the Illinois Supreme Court, which was denied in September 2010. *Whitfield v. Gaetz,* 938 N.E.2d 531 (Ill. 2010)(Table).

Neither of these attempts was sufficient to exhaust Plaintiff's state court remedies before he filed a federal habeas action. Plaintiff did not appeal his 2004 attempt to the Illinois Supreme Court, and Plaintiff's 2009 attempt was procedurally improper. Plaintiff's 2009 attempt was procedurally improper because a state habeas action is available only to secure an inmate's immediate release. *Faircloth v. Sternes,* 367 Ill.App.3d 123 (2d Dist. 2006)("sole remedy or relief authorized by a writ of *habeas corpus* is the prisoner's immediate release"); 735 ILCS 5/10-101 et seq. Plaintiff acknowledges that he was not entitled to immediate release when he filed his state habeas action (d/e 38, p. 5), but he asserts that the state court should have converted his complaint to a complaint for mandamus or allowed him to replead. *See* 735 ILCS 5/10-121 (permitting court to allow amendment where wrong remedy sought). However, the state court's denial of Plaintiff's request means only that Plaintiff's procedural error was not excused by the state court. Mandamus remained an available remedy. *See,*

*e.g., Crump v. Lane*, 807 F.2d 1394 (7th Cir. 1986)(Illinois Supreme Court's denial of original writ of mandamus regarding prison discipline did not exhaust state court remedies because the plaintiff could have refiled the mandamus action in state circuit court).

In sum, Plaintiff ignored his chance to pursue collateral relief while in prison by not exhausting his state court remedies. Plaintiff could have timely filed a mandamus complaint in state circuit court to challenge each disciplinary report and then exhausted his state court appeals before filing a federal habeas petition. He did not. His filing of a federal habeas petition five months before his release does not change that fact. Had this Court had sufficient time to rule on Plaintiff's habeas corpus petition before Plaintiff was released, the Court would have dismissed it for Plaintiff's failure to exhaust state court remedies.

To allow Plaintiff to proceed in this case would allow him, and other former inmates, to "skirt the *Heck* bar" through half-hearted attempts at state court exhaustion during their incarceration, followed by a federal habeas action filed shortly before release. And a smart strategy that would be: a state court ruling on the merits

could be avoided in favor of a federal claim for damages after release.

## CONCLUSION

Federal challenges to the length of a criminal sentence, including the revocation of good time, must proceed as a federal habeas action, not an action for damages under 42 U.S.C. § 1983. An exception to this rule is when the federal habeas route is not available during an inmate's confinement. Here, the federal habeas route was available to Plaintiff during his confinement, but he failed to properly pursue it by failing to exhaust his state court remedies. Filing a federal habeas petition a few months before release does not change that fact. Accordingly, this case is dismissed, without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] The Court need not address Defendants' res judicata arguments.[6]

**IT IS ORDERED:**

1) Plaintiff's motion to supplement his response is granted (39). The Court has considered all of Plaintiff' responses.

---

[5] A dismissal based on *Heck* must be without prejudice, *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011), though the Court acknowledges that the dismissal is effectively with prejudice since Plaintiff's opportunities for pursuing collateral relief are no longer available.
[6] The Court notes, however, that the only state court ruling on the merits regarded Plaintiff's mandamus action, which Defendants do not address.

2) Plaintiff's motion for leave to file a motion for reconsideration of the Court's 11/19/13 order dismissing certain defendants is granted (47). The clerk is directed to separately docket the motion for reconsideration. However, the motion for reconsideration is denied for the reasons already stated in the Court's 11/19/13 order. Additionally, reinstating the dismissed Defendants would be futile because Plaintiff's claims are barred by *Heck.*

3) Defendants' motions for summary judgment are granted (19, 34, 44).

4) This case is dismissed, without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

5) The clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.

6) This case is closed, parties to bear their own costs.

7) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues

Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: January 7, 2015

FOR THE COURT:

         **s/Richard Mills**
         RICHARD MILLS
         UNITED STATES DISTRICT JUDGE