UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BENYEHUDAH WHITFIELD, )
)
)
)
Plaintiff, )
)
)
)
v. )
) 13-CV-3192
)
ERIC ALTHOFF, et al., )
)
)
Defendants. )

## OPINION

**RICHARD MILLS, U.S. District Judge:**

On January 7, 2015, summary judgment was granted to Defendants in this case. The Court held that Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (7th Cir. 1994) because Plaintiff failed to timely and properly pursue his available state court remedies to challenge three disciplinary reports in which Plaintiff lost good time. The Court will not repeat that order here except as necessary to address Plaintiff's motion to reconsider. Plaintiff brings his motion under both Fed. R. Civ. P. 59(e) and

60(b), but 59(e) governs since Plaintiff filed his motion within 28 days of the judgment. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). A "'manifest error of law or fact'" or "'newly discovered evidence'" warrant relief under Rule 59(e). Id. at 954 (quoted cite omitted).

Plaintiff argues that "any claim of procedural default on the ground asserted by this Court is an affirmative defense which should not be raised by the Court but should have been raised by the respondents in *Whitfield v. Gaetz*, 09-MR-80 and *Whitfield v. Jackson*, 11-CV-3061." (d/e 53, para. 3.) Case 09-MR-80 was Plaintiff's state habeas action, which was dismissed by the state court with prejudice on the defendant's motion to dismiss. Case 11-CV-3061 was Plaintiff's federal habeas action, which was dismissed as moot when Plaintiff was released from prison.

The Court does not understand Plaintiff's waiver argument. Defendants had a right to pursue a *Heck* defense in this case, regardless of what happened in Plaintiff's other cases. The Defendants remaining in this action were not Defendants in 09-MR-80 or 11-3061. The Court also notes that the defendants in both of Plaintiff's habeas cases did assert their available defenses, resulting

in dismissal of those cases. In short, there was no waiver of any defenses in this case or the habeas cases.

Plaintiff also argues that he did not procedurally default his state court remedies because the state court in 09-MR-80 dismissed Plaintiff's habeas action with prejudice. He contends that the dismissal with prejudice precluded him from refiling his action as a state mandamus action. However, as the Court explained in the summary judgment order, the "state court's denial of Plaintiff's request [for habeas] mean[t] only that Plaintiff's procedural error was not excused by the state court. Mandamus remained an available remedy." (d/e 51, p. 9)(cite omitted). The dismissal with prejudice precluded Plaintiff from filing another state habeas petition but not from filing a mandamus action.

The Court remains of the opinion that no grounds exist to excuse Plaintiff from timely and properly pursuing his state court remedies. *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012)(*Heck* bars former prisoner's action if he "could have pursued collateral relief [in prison] but failed to do so in a timely manner."). Accordingly, this case remains closed.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for reconsideration is denied (53).

ENTER: 6/5/2015

FOR THE COURT:

                                        **s/Richard Mills**
                                        RICHARD MILLS
                                        UNITED STATES DISTRICT JUDGE