UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BENYEHUDAH WHITFIELD,   )
                        )
                        )
                        )
    Plaintiff,           )
                        )
                        )
                        )
                        )
    v.                   )
                        )   13-CV-3192
                        )
ERIC ALTHOFF, et al.,   )
                        )
                        )
    Defendants.          )

**OPINION**

**RICHARD MILLS, U.S. DISTRICT JUDGE.**

This case illustrates the complexity of determining whether a 42 U.S.C. § 1983 action lies to challenge the revocation of good time credits in prison if habeas is unavailable.

That complexity no longer exists.

Under the Seventh Circuit's recent opinion in Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020)(en banc)(Easterbrook, J., dissenting), no § 1983 action lies for that challenge regardless of the availability of habeas relief.

*Savory* requires dismissal of this case without prejudice.

## Analysis

Plaintiff alleges that he lost 16 months of good conduct credit as a result of three false disciplinary tickets he received in prison, issued in retaliation for his protected First Amendment activities. He filed this case after his release from prison and after trying to pursue collateral remedies challenging the discipline while in prison.

On January 7, 2015, this Court granted summary judgment to Defendants. Relying on Heck v. Humphrey, 512 U.S. 477 (1994) and progeny, this Court held that Plaintiff's claims were barred because Plaintiff's attempts to pursue collateral relief while he was incarcerated were insufficient to allow him to proceed on a civil rights claim for damages. [1/7/2015 Order.] An inmate cannot pursue a 42 U.S.C. § 1983 action challenging the loss of good time credits unless and until those credits are restored through other means, such as a state court order or a federal habeas corpus action. The purpose of this "favorable termination" requirement is to avoid conflicting judgments, promote finality, and respect comity. Savory v. Cannon, 947 F.3d 409, 431 (7th Cir. 2020)("Concerns

about comity, finality, conflicting judgments, and 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments' all underpin *Heck's* favorable termination rule.").

At the time this Court entered summary judgment, the door appeared open a crack for § 1983 relief if habeas was unavailable. This Court, however, concluded that Plaintiff had not done enough to keep his foot in that door. This Court found that Plaintiff was barred from pursuing a § 1983 claim, even though the habeas route was also closed.

On March 28, 2017, the Seventh Circuit reversed this Court, reasoning that *Heck*'s bar, as applied in Edwards v. Balisok, 520 U.S. 641 (1997), was not so strict as to preclude Plaintiff from pursing a § 1983 action after his release. The Seventh Circuit found that Plaintiff had diligently tried to pursue collateral relief to restore his good time during his incarceration, pointing out that enforcing the bar would leave Plaintiff without a federal remedy to pursue through no fault of his own. Whitfield v. Howard, 852 F.3d 656 (7th Cir. 2017).

On remand to this Court, discovery ensued, and, while Defendants' motion for summary judgment was pending, the Seventh Circuit reversed its reversal of this case. In <u>Savory v. Cannon</u>, 947 F.3d 409 (7th Cir. 2020), the Seventh Circuit dealt with the claims of a former prisoner whose sentence had been commuted while on parole and who was later pardoned. The question in *Savory* was when Mr. Savory's claims arising from his conviction accrued in light of the *Heck* doctrine.

The Seventh Circuit held that Mr. Savory's claims accrued when he was pardoned, not when his sentence was commuted. The Seventh Circuit established a bright line rule: A 42 U.S.C. § 1983 claim which implies the invalidity of a conviction or sentence cannot proceed until *Heck's* favorable termination requirement is satisfied, regardless of the availability of collateral relief or the diligence in pursuing that relief. *Savory* disavowed dicta in prior Seventh Circuit cases suggesting that § 1983 relief might be available if habeas is not. *Savory* also specifically overruled <u>Whitfield v. Howard</u>, 852 F.3d 656 (7th Cir. 2017):

> A plaintiff's good-faith but unsuccessful pursuit of collateral relief does not relieve him of *Heck's* favorable termination requirement. Because Whitfield had not yet

obtained a favorable termination of the disciplinary proceedings that led to a loss of good time credit, he had no cognizable claim under section 1983. We must therefore overrule our decision in *Whitfield*.

947 F.3d at 426.

*Savory* shut the door for those who cannot pursue habeas relief, like Plaintiff.  The Seventh Circuit acknowledged that "[i]n requiring favorable termination before allowing a section 1983 claim to proceed, *Heck* sets a high standard. Undoubtedly, as the dissent asserts, some valid claims will never make it past the courthouse door." 947 F.3d at 428. *Savory* also noted, "[t]he Supreme Court may revisit the need for the favorable termination rule in cases where habeas relief is unavailable, but it has not yet done so." Id. at 431.  A petition for certiorari in *Savory* was filed with the U.S. Supreme Court in June 2020 and is in the briefing stage.

On January 27, 2020, the Court notified the parties of *Savory* and stated that summary judgment appeared mandated for Defendants based on *Savory* and the overruling of Whitfield v. Howard, 852 F.3d 656 (7th Cir. 2017).  The

Court stated its intention to do so and gave the parties time to file objections.

Plaintiff does not offer a way around *Savory* nor does the Court see one. Under *Savory*, Plaintiff's § 1983 action has not accrued because Plaintiff has not satisfied the favorable termination requirement. This case must be dismissed without prejudice. *See* Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996)(dismissal of claim barred by *Heck* is without prejudice).

Plaintiff objects on the grounds that Defendants have not filed a motion for summary judgment based on *Savory*. However, a court is permitted to raise *Heck* sua sponte. *See* Knowlin v. Thompson, 207 F.3d 907 (7th Cir. 2000)(affirming sua sponte dismissal on *Heck* grounds); Williams v. Maroney, 113 Fed.Appx. 709, 2004 WL 2348261 (7th Cir. 2004)(not reported in Fed.Rptr.)(noting that district court should have sua sponte dismissed claim as *Heck* barred); Bridgeforth v. City of Glenwood, 2020 WL 1922907 (N.D. Ill. 2020)(not reported in Fed. Rptr.)(raising sua sponte whether claim was *Heck*-barred based on *Savory*).

Plaintiff also expresses concern that, under the doctrines of res judicata and collateral estoppel, dismissal will prevent him from pursuing other actions arising from the same allegations. The Court cannot opine on the viability of future actions. The Court does note that a dismissal based on *Heck* is not based on the merits of the underlying claim. *Brzowski v. Sigler*, 2020 WL 3489484 (N.D. Ill.)(not reported in Fed. Rptr.)("A dismissal based on *Heck* is not a judgment on the merits. Rather, it means the suit 'is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the underlying judgment has been overturned.'")(*quoting Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019)).

Plaintiff also moves to consolidate this case with his habeas action, 11-cv-3061, which was dismissed as moot on July 25, 2013. However, there is no action in this case because of *Savory*, so there is nothing to consolidate. The Court will rule on the pending motions in 11-cv-3061 in a separate order in that case.

**It is ordered that Plaintiff's motion to consolidate is DENIED. [122.]**

**This case is DISMISSED without prejudice.**

**The clerk is directed to close this case and enter judgment.**

ENTERED: July 24, 2020

FOR THE COURT:

                                     ***/s/ Richard Mills***
                                     RICHARD MILLS
                                     UNITED STATES DISTRICT JUDGE